UNITED STATES DICTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TOM MAHNONEY, on behalf of
himself and on behalf of others
similarly situated,

          Plaintiff,

v.

QUICKEN LOANS, INC.,

          Defendant.

CASE NO.:

Class Action
Jury Demanded

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1. Tom Mahoney ("**Plaintiff**") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("**TCPA**"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Plaintiff's telephone number is listed on the national Do Not Call Registry, a list explicitly designed to protect the public from these kind of intrusive telemarketing calls. Quicken Loans, Inc. ("**Defendant**") made marketing solicitations, i.e., calls for the purpose of the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services to Plaintiff's phone.

3. Because Plaintiff had not given his prior express invitation or permission to receive these calls from Defendant, these calls violated the TCPA and the Do Not Call Registry laws and regulations.

4. This is the scenario Congress attempted to prevent in enacting the TCPA. Plaintiff now seeks this Court's intervention and help in attempting to prohibit this unlawful conduct.

5. Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

6. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## THE PARTIES

7. Plaintiff is a resident of this District.

8. Upon information and belief Defendant is a Michigan corporation that solicits business in the State of Florida and has a registered agent in the State. The registered agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

## THE VENUE

9. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

10. Venue is proper because the Plaintiff is a resident of this District and Defendant has sufficient contacts in this State and District to subject it to personal jurisdiction. Defendant made telephone calls into this District.

## ARTICLE III STANDING

11. Plaintiff has Article III standing for his claim under the TCPA. *Spokeo, Inc., v. Thomas Robins*, 136 S. Ct. 1540 (2016). *See also Williamceau v. Dyck-O'Neal, Inc.*, No. 2:16-CV-855-FTM-29CM, 2017 WL 2544872, at *2 (M.D. Fla. June 13, 2017)

12. Plaintiff was harmed by Defendant's actions of calling his phone while his number was on the Do Not Call Registry in the following manners:

    a. Plaintiff's privacy was invaded by Defendant;

b. Plaintiff was harassed and abused by Defendant's telephone calls;

c. Defendant's calls were a nuisance to Plaintiff;

d. Plaintiff's phone was unavailable for other use while processing the illegal calls from Defendant;

e. Defendant illegally seized Plaintiff's telephone line while it made illegal calls to Plaintiff's telephone;

f. Plaintiff's telephone line was occupied by multiple unauthorized calls from Defendant;

g. Defendant's seizure of Plaintiff's telephone line was intrusive; and

h. Plaintiff was inconvenienced by Defendant's calls, by among other things, hearing his ring and having to check the calling party.

## THE TELEPHONE CONSUMBER PROTECTION ACT

13. Advances in telecommunications technology have provided benefits to American society. But those benefits are not cost-free; new technologies bring with them new ways to intrude upon individual privacy and waste the time and money of consumers. The 1980s and 90s brought an explosion of abuses of telephone and facsimile technology, including the use of auto-dialers to clog telephone lines with unwanted calls, "robo-calls" with unsolicited or unwanted, prerecorded messages, and "junk faxes" that consume the recipients' paper and ink and interfere with the transmission of legitimate messages.

14. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

Plaintiff's Class Action Complaint
Page | 3

### The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's express consent

15. The national Do Not Call Registry (the "**Registry**") allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

16. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

17. The Federal Trade Commission (FTC) amended the Telemarketing Sales Rule (TSR) to give consumers a choice about whether they want to receive most telemarketing calls. As of October 1, 2003, it became illegal for most telemarketers or sellers to call a number listed on the Registry. The Registry applies to any plan, program, or campaign to sell goods or services through interstate phone calls. This includes telemarketers who solicit consumers, often on behalf of third party sellers. It also includes sellers who provide, offer to provide, or arrange to provide goods or services to consumers in exchange for payment.

18. The Registry does not limit calls by political organizations, charities, or telephone surveyors. A telemarketer or seller may call a consumer with whom it has an established business relationship for up to 18 months after the consumer's last purchase, delivery, or payment—even if the consumer's number is on the Registry. In addition, a company may call a consumer for up to three months after the consumer makes an inquiry or submits an application to the company. And if a consumer has given a company express written permission, the company may call even if the

consumer's number is on the Registry C. However, if a consumer asks a company not to call, the company may not call, even if there is an established business relationship. Indeed, a company may not call a consumer—regardless of whether the consumer's number is on the registry—if the consumer has asked to be put on the company's own do not call list.

19. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

20. The regulations exempt from liability a caller who has obtained the subscriber's prior express invitation or permission to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). Such permission "must be evidenced by a signed written agreement between the consumer and the seller" which states "that the consumer agrees to be contacted by the seller." That agreement must also include the telephone number to which the calls may be placed. *Id.*

## FACTUAL ALLEGATIONS

### Defendant placed telemarketing calls to the Plaintiff

21. Plaintiff is the owner of, subscriber to and user of the telephone number (239) 898-4040 ("**Plaintiff's Telephone Number**"). Plaintiff's Telephone Number is used for residential purposes. Each of the telephone calls referenced below were made to Plaintiff's Telephone Number. None of the calls at issue were placed by Defendant to Plaintiff's Telephone Number for "emergency purposes."

22. In April of 2018, Plaintiff began receiving telephone calls directly from Defendant.

23. The calls were for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, i.e., home mortgage loans and services, from Defendant.

24. The calls were placed without the Plaintiff's prior express invitation or permission. There was no signed written agreement between Plaintiff and Defendant which states "that the [Plaintiff] agrees to be contacted by [Defendant]."

25. Plaintiff is not a customer of Defendant and has not provided Defendant with his consent to be called on Plaintiff's Telephone Number.

26. Plaintiff's Telephone Number has been listed on the National Do Not Call Registry for more than 31 days prior to the calls.

27. Messages were left for Plaintiff on some of the calls and no messages were left on other calls.

28. On Friday, April 27, 2018 Plaintiff received a message from Defendant and two more calls that were not answered.

29. On Monday, April 29, 2018 Plaintiff received a message from Defendant and 3 more calls that were not answered.

30. On Tuesday, May 1, 2018 Plaintiff received 4 calls from Defendant, including 2 messages.

31. The messages were slightly different but generally stated:

   a. "Hi Tom, this is _____ giving you a call from Quicken Loans. We are calling about that entry to the HDTV home giveaway sweepstakes. As part of that sweepstakes were offering you a complementary mortgage review. It is important to call as soon as possible at 866-349-8543. Thank you in advance for your return call.

   b. Hi Tom, this is _____ calling from Quicken Loans, and I'm calling about that entry to the HDTV home giveaway sweepstakes. As part of that sweepstakes were offering you a complementary mortgage review. Call back as soon as you get this message at 866-349-8543. We look forward to your call and we hope you have a great one."

    c.   "Morning Tom, this is _____ from Quicken Loans. I'm reaching out real quick in regards to the home mortgage information. Call me back when you get this. My number is 866-349-8543."

    d.   Hi, this is _____ calling from Quicken.

32. While Plaintiff entered the HDTV home giveaway sweepstakes, he specifically **did not check** the box allowing Quicken Loans to contact him. The optional language, which he did not check, is as follows

> ☐ Quicken Loans
> I'd like to speak to a Quicken Loans Home Loan Expert about my mortgage opportunities. By checking this box and clicking submit, you agree that Quicken Loans may contact you using automated dialers and prerecorded messages via phone, SMS and email, even if your number is on any state, federal or corporate Do Not Call List. Consent is not required as a condition to receive any services from Quicken Loans. Quicken Loans Privacy Policy.

33. Because Plaintiff did not check the authorization box, Quicken Loans was aware that Plaintiff did not want to speak to a Quicken Loans Home Loan Expert about mortgage opportunities and did not want calls from Quicken Loans.

34. Additionally, within the last year, Plaintiff had told representatives of Quicken Loans not to call him in connection with previous HDTV sweepstakes giveaways.

## CLASS ACTION ALLEGATIONS

35. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

36. The class of persons Plaintiff proposes to represent with respect to Count One is tentatively defined as all persons within the United States whose phone numbers were registered on the Do Not Call Registry for more than 31 days prior to receiving calls from, or on behalf of, Defendant, and who, within the four years before the filing of the initial Complaint, received more

than one commercial telemarketing call within any twelve-month period from Defendant, after Defendant acquired the person's telephone number from the HDTV home giveaway sweepstakes and the person did not check the box authorizing Quicken Loans to call the person.

    a. Excluded from the Class are Defendant and its subsidiary(ies), officers, directors, employees, partners and co-ventures. Also excluded are any federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

37. The class as defined above is identifiable through web site records, phone records and phone number databases.

38. Plaintiff does not know the exact number of members in the proposed class, but reasonably believes based on the scale of Defendant's business, and the number of calls that he received, that the class is so numerous that individual joinder would be impracticable. On information and belief, the potential class members number at least in the hundreds or thousands.

39. Plaintiff and all members of the proposed class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

40. Plaintiff is a member of the class.

41. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

  b. Whether Defendant within the four years before the filing of the initial Complaint, made more than one telemarketing calls within any twelve-month period to individuals whose telephone number had been registered on the Do Not Call Registry for more than 31 days;

  c. Whether the registration on the HDTV home sweepstakes giveaway website constituted consent for Defendant to calls the individuals that did not check the Quicken Loans authorization checkbox; and

  d. Whether the Plaintiff and the class members are entitled to statutory damages as a result of Defendant's actions.

42. The Class satisfies the FED. R. CIV. P. 23 numerosity, commonality, typicality, adequacy, predominance, superiority and ascertainability requirements.

43. Plaintiff's claims are typical of the claims of class members.

44. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

45. The actions of Defendant are generally applicable to the class as a whole and to Plaintiff.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by HDTV, Defendant and/or their agents.

47. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

48. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## CAUSES OF ACTION

### Count One:
### Violation of the TCPA's Do Not Call provisions

49. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50. Plaintiff and the members of the class are "persons" and "called part[ies]" under the TCPA.

51. 47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

52. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." See 47 C.F.R. § 64.1200(c).

53. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to wireless and residential telephone subscribers such as Plaintiff and the Class members who registered their respective telephone numbers on the National Do Not Call

Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

54. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to place such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a record of consent to place telemarketing calls to them.

55. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

56. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

57. The Defendant's violations were knowing/willful.

  a. Because of the presence of the check box on the HDTV sweepstakes entry form it is clear Defendant was aware of its need to comply with the TCPA; yet Defendant did not comply.

58. Relief Sought: For himself and all class members, Plaintiff requests the following relief:

  a. That Defendant be restrained from engaging in future telemarketing in violation of the TCPA.

  b. That Defendant, and its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify class members.

  c. That the Court certify the claims of the named plaintiff and all other persons similarly situated as class action claims under Rule 23 of the Federal Rules of Civil Procedure and Plaintiff's counsel be named as counsel for the classes.

  d. That the Plaintiff and all class members be awarded statutory damages of $500 for each violation, with triple damages for any willful or knowing violation, as provided by the law.

  e. That the Plaintiff recover his attorneys' fees and costs.

  f. That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

## Count Two:
### Injunctive relief to bar future TCPA violations

59. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

60. The TCPA authorizes injunctive relief to prevent further violations of the TCPA.

61. The Plaintiff respectfully petitions this Court to order the Defendant, and their employees, agents and independent distributors, to immediately cease engaging in unsolicited telemarketing in violation of the TCPA.

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted this 4th day of May, 2018.

By: */s/ Brandon J Hill*
Brandon J. Hill
Florida Bar Number: 37061

**Wenzel Fenton Cabassa, PA.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct No.: 813-337-7992
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com

Chris R. Miltenberger

**The Law Office of Chris R. Miltenberger, PLLC**
1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

*Pro Hac Vice Application Pending*

**Attorneys for Plaintiff**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

Respectfully submitted this 9th day of May, 2018.

By: /s/ Brandon J. Hill
Brandon J. Hill
Florida Bar Number: 37061

**Wenzel Fenton Cabassa, PA.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Direct No.: 813-337-7992
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: bhill@wfclaw.com


Chris R. Miltenberger

**The Law Office of Chris R. Miltenberger, PLLC**
1340 N. White Chapel, Suite 100
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

*Pro Hac Vice Application Pending*

**Attorneys for Plaintiff**